# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

McAaron Martin,
:
    Petitioner,                              Case No. 1:11-cv-052

:        District Judge S. Arthur Spiegel
  -vs-                                     Magistrate Judge Michael R. Merz

Warden, Chillicothe Correctional
  Institution,
:
    Respondent.

## REPORT AND RECOMMENDATIONS

This is an action for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner seeks relief from his conviction in the Hamilton County Common Pleas Court on drug-related offenses and the consequent twelve-year sentence he is serving in Respondent's custody. With the assistance of counsel he pleads the following Grounds for Relief:

> **Ground One:** The presumption of vindictiveness applied when the trial court sentenced Petitioner to a greater sentence after a successful appeal without explanation for the increase, thus denying Petitioner's rights to due process of law in violation of the Due Process Clause of the United State's sic] Constitution.
>
> **Ground Two:** Petitioner was denied the effective assistance of appellate counsel when counsel failed to raise the issue of Petitioner's increased sentence after his successful appeal, violating the Sixth Amendment to the United States Constitution.

(Petition, Doc. No. 2, PageID 17.)

On order of Magistrate Judge Litkovitz, to whom this case was originally referred,

Respondent filed an Answer and Return of Writ (Doc. No. 6).

Mr. Martin filed a previous habeas corpus petition in this Court in Case No. 1:07-cv-725 attacking the same conviction which is involved in this case. Respondent concedes, however, that the instant Petition is not a "second or successive" petition which requires permission for filing from the Sixth Circuit because Petitioner is attacking only the most recent judgment resulting from re-sentencing (Answer, Doc. No. 6, PageID 36-39). Based on recent Supreme Court precedent, this Court agrees. *See Burton v. Stewart*, 549 U.S. 147 (2007); *Magwood v. Patterson*, 561 U.S. ___, 130 S. Ct. 2788 (2010). Respondent is also concedes that the Petition is not time-barred.

Respondent does claim, however, that the First Ground for Relief is procedurally defaulted because it was not raised on direct appeal of the current sentence to the Hamilton County Court of Appeals (Answer, Doc. No. 6, PageID 42-44). In the face of Respondent's argument, Petitioner has abandoned the First Ground for Relief (Traverse, Doc. No. 11, PageID 562, n. 1 "Mr. Martin proceeds only on Ground Two.")

**Ground Two**

In his Second Ground for Relief, Petitioner asserts he received ineffective assistance of appellate counsel when his appellate counsel did not make a claim that the current sentence was vindictive. Respondent concedes that this claim was preserved for merit review in habeas when it was timely pleaded in an application for reopening under Ohio R. App. P. 26(B), the court of appeals decided the claim on the merits, and Petitioner timely appealed to the Ohio Supreme Court which declined jurisdiction (Answer, Doc. No. 6, PageID 44).

Respondent asserts Ground Two is not cognizable in habeas corpus, relying on 28 U.S.C. § 2254(i) which reads: "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." (Respondent's Reply to Traverse, Doc. No. 13, PageID 572-573, n.1.) However, the ineffective assistance of appellate counsel alleged in Ground Two is on direct appeal from the resentencing, not on any collateral attack, so Respondent's argument is mistaken.

In connection with her claim that ineffective assistance of appellate counsel is not cognizable, Respondent also asserts that:

> [T]he actual claim that [Petitioner] has to raise before this Court is 'ineffective assistance of trial counsel.' . . . Ineffective assistance of trial counsel was the specific claim raised in Martin's Rule 26(B) Application. (Exhibit 53, p. 6). Failure of counsel to object to allegedly vindictive sentencing was the specific claim. The ineffective assistance of trial counsel claim was defaulted under the contemporaneous objection rule. *Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001). Ground One [sic] does not specifically claim that trial counsel was ineffective for not objecting to the allegedly vindictive sentencing, but only that underlying claim. If Martin is attempting to bypass the ineffective assistance of trial counsel claim, he cannot. A stand alone, vindictive sentencing claim was not fairly presented in the state courts.

(Respondent's Reply to Traverse, Doc. No. 13, PageID 572-573, n.2.)  The Court disagrees. Apparently trial counsel did not make a contemporaneous objection to the changed sentence on the basis of vindictiveness.  Ohio certainly has a contemporaneous objection rule which is an adequate and independent basis of state court decision.  *State v. Glaros*, 170 Ohio St. 471 (1960), paragraph one of the syllabus; *see also State v. Mason*, 82 Ohio St. 3d 144, 162 (1998); *Wogenstahl v. Mitchell*, 668 F.3d 307 (6th Cir. 2012)(*citing Keith v. Mitchell*, 455 F.3d 662, 673 (6th Cir. 2006); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007).  But before a procedural default such as failing to make

a contemporaneous objection can be held against a habeas petitioner, it must first have been enforced against him by the state courts. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), *citing County Court of Ulster County v. Allen*, 442 U.S. 140, 149 (1979). In this case the Hamilton County Court of Appeals did not enforce the contemporaneous objection rule against Martin. That is, it did not decide that his direct appeal counsel was not ineffective because the vindictive sentencing issue had been waived for lack of a contemporaneous objection by trial counsel, even though that issue was presented to them by the third proposed assignment of error. Therefore the lack of a contemporaneous objection does not bar consideration of the merits of Ground Two.

**Standard of Review**

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court. 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

The next issue which divides the parties is whether the Hamilton County Court of Appeals decision is entitled to deference. Petitioner argues that Respondent has "abandoned" the "theory under which the State court denied relief." (Traverse, Doc. No. 11, PageID 560.) Respondent reads this as if Petitioner were claiming that the State had abandoned the standard of review adopted in Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the

"AEDPA")(Reply to Traverse, Doc. No. 13, PageID 572). Having suggested this reading of the Traverse, Respondent argues that she cannot abandon the AEDPA standard of review. That conclusion is correct. The AEDPA standard of review is a command from Congress as to how habeas corpus cases are to be decided. It is not an affirmative defense in habeas, such as the statute of limitations or procedural default, which can be waived by failure to plead them.

Given that the AEDPA standard of review applies, what deference to the state court decision does it command, if any? Respondent relies on *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770 (2011), to show that even a conclusory decision by the court of appeals (e.g., "application denied") would qualify as a decision on the merits for AEDPA purposes. Petitioner agrees that the court of appeals' decision was on the merits, argues *Harrington* only requires a habeas court to hypothesize reasons for a state court decision when that decision is conclusory and not when objectively unreasonable grounds have actually been relied on by the state court. (Petitioner's Sur-Reply, Doc. No. 17, PageID 591.)

The relevant language from *Harrington* is "[w]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." 131 S. Ct. at 784, quoted by Petitioner at Sur-Reply, Doc. No. 17, PageID 591. That holding does not logically imply that when a state court's decision **is** accompanied by an explanation, the habeas petitioner must still negate all possible rationales under which the state court decision might be objectively reasonable. Nothing in the *Harrington* decision indicates to this Court that the Supreme Court intended the decision to be read more broadly than the holding. Thus this Court must decide whether the stated reasons of the court of appeals for not finding ineffective assistance of appellate counsel were objectively reasonable

-5-

applications of clearly established Supreme Court precedent, not whether there were other possible reasons which would have satisfied that test.

**Application of the AEDPA Standard**

In denying Petitioner's claims of ineffective assistance of appellate counsel, First District Court of Appeals held as follows:

> An application to reopen an appeal must be granted if the applicant establishes "a 'genuine issue' as to whether he has· a 'colorable claim' of ineffective assistance of counsel on appeal.'" *State v. Spivey,* 84 Ohio St.3d 24, 25, 1998-0hio-704, 701 N.E.2d 696; see, also, App.R. 26(B)(5).The United States Supreme Court's decision in *Strickland v. Washington,* (1984), 466 U.S. 668, 104 S.Ct. 2052, provides the standard for determining whether the applicant was denied the effective assistance of appellate counsel. *See State v. Reed*, 74 Ohio St.3d 534, 535, 1996-0hio-21, 660 N.E.2d 456. The applicant must prove "that his counsel [was] deficient for failing to raise the issues he now presents and that there was a reasonable probability of success had [counsel] presented those claims on appeal." *State v. Sheppard*, 91 Ohio St.3d 329, 330, 2001-0hio-52, 744 N.E.2d 770, *citing State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph three of the syllabus.
>
> In his application, Martin contends that he was denied the effective assistance of counsel because his appellate counsel failed to submit assignments of error contending (1) that the trial court had denied him due process because its order, on remand following his successful appeal, that he serve consecutively sentences previously imposed concurrently had been motivated by actual vindictiveness, (2) the vindictively increased sentences had constituted plain error, and (3) his trial counsel had been ineffective in failing to timely object to his sentences on that basis.
>
> A sentencing court that increases a defendant's sentence on remand following a successful appeal violates the Due Process Clause of the United States Constitution if the increase is demonstrably "motivated by actual vindictiveness toward the defendant for having exercised

> guaranteed rights." *Wasman v. United States* (1984), 468 U.S. 559, 568, 104 S.Ct. 3217, *citing North Carolina v. Pearce* (1969), 395 U.S. 711, 89 S.Ct. 2072. We vacated Martin's sentences and remanded his case for a new sentencing hearing because the trial court had failed to provide the postrelease-control notification mandated by R.C. 2929.19(B)(3)(c). A trial court's R.C. 2929.19(B)(3)(c) violation yields a "void" sentence that "must be vacated," with "[t]he effect of * * * plac[ing] the parties in the same position they would have been if there had been no sentence." *See State v. Simpkins,* 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568,¶22, *citing State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶13. And because a defendant has "no reasonable, legitimate expectation of finality" in a void sentence, the imposition of an enhanced sentence on a defendant following his successful appeal of a trial court's R.C. 2929.19(B)(3)(c) violation does not implicate that aspect of the Due Process Clause that protects against vindictive resentencing. *Id.* at ¶ 32 and 37.
>
> The increase in Martin's sentences resulting from the trial court's order that he serve his sentences consecutively rather than concurrently did not deny him due process. Consequently, the proposed assignments of error challenging the trial court's alleged vindictiveness in sentencing him on remand, and in turn, trial counsel's failure to object to the sentences on that basis, would not have provided grounds for overturning his sentences. *See State v. Lott* (1990),51 Ohio St.3d 160, 555 N.E.2d 293.Accordingly, appellate counsel's performance in failing to assign these matters as error cannot be said to have been deficient.
>
> Martin has thus failed to sustain his burden of demonstrating a genuine issue as to whether he has a colorable claim of ineffective assistance of counsel on appeal. Therefore, the court denies his application to reopen this appeal. *State v. Spivey,* 84 Ohio St. 3d at 25; Reed, 74 Ohio St. 3d at 535-536.

*State v. Martin*, Case No. C-080215 (Ohio App. 1st Dist. Sep. 23, 2009)(unpublished, copy at Answer, Doc. No. 6, Ex. 55, PageID 538-540).

It is clear first of all that the court of appeals applied the correct federal law, *Strickland v. Washington,* 466 U.S. 668 (1984), as adjusted for the appellate setting. The *Strickland* test applies to appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp,* 483 U.S. 776

(1987). To evaluate a claim of ineffective assistance of appellate counsel the court must assess the strength of the claim that counsel failed to raise. *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011), *citing Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008). Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Id. citing Wilson.* If a reasonable probability exists that the defendant would have prevailed had the claim been raised on appeal, the court still must consider whether the claim's merit was so compelling that the failure to raise it amounted to ineffective assistance of appellate counsel. *Id. citing Wilson.*

An application for re-opening under Ohio R. App. P. 26(B) is required to set forth, *inter alia*, "one or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits. . . ." That is what Petitioner's counsel did here. The court of appeals read the omitted assignments of error as (1) denial of due process by vindictive sentencing on remand; (2) the imposition of a vindictive sentence was plain error; and (3) trial counsel was ineffective for failing to object. The latter two proposed assignments were alternative paths to getting a decision on the merits of the first assignment. Having decided there was no merit to the due process argument, it followed that there was no "plain error" due process argument and it was not ineffective assistance of trial counsel to fail to make a contemporaneous objection. Petitioner does not seek review here of the court of appeals' disposition of these latter two proposed assignments of error, but instead focuses this Court's attention only on the first proposed assignment of error.

What we are reviewing is the court of appeals' decision on whether omitting a vindictive sentencing assignment of error constituted ineffective assistance of appellate counsel. *Harrington*

reminds us that we are to be doubly deferential. *Harrington*, 131 S. Ct. at 788, *citing Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). That is, we consider deferentially under *Strickland* the appellate attorney's decision about what assignments of error to raise and then deferentially under AEDPA the court of appeals' evaluation of counsel's decision of what to raise.

As to the first proposed assignment of error, the court of appeals decided it would have been without merit because the prior sentence was void under state law and a defendant has no reasonable expectation of finality in a void judgment.

The Supreme Court holding on which Petitioner relies is

> In order to assure the absence of such a motivation [of vindictiveness], we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.

*North Carolina v. Pearce*, 395 U.S. 711, 726 (1969).

Mr. Martin was convicted of trafficking in drugs and possession of the same drugs he had trafficked. He was sentenced to nine years on the trafficking charge and three years on the possession charge with the terms to be served consecutively. The trial jury hung on four counts of possession which related to other drug quantities. When those charges came on for re-trial, Martin pled guilty on two of the four counts in return for dismissal of the other two and received an agreed sentence of three years on each count to be served concurrently with each other and concurrently with the sentences on the first two counts of conviction (Return of Writ, Doc. No. 6, Ex. 17). On appeal he successfully claimed that (1) he had not been properly notified of post-release control

sanctions at sentencing and (2) the trafficking and possession charges based on the same drugs were allied offenses of similar import and were required to be merged under Ohio Revised Code § 2941.25. It was on remand after this appeal that the trial court, having been compelled to merge the trafficking and possession counts, changed the three-year sentence on the separate possession counts to be served consecutively rather than concurrently.

Respondent does not dispute that this new sentence is "more severe" than the prior sentence for purposes of *Pearce* analysis, even though the aggregate sentence is still twelve years. The court of appeals did not question this proposition in its decision. This Court agrees. Because of the Ohio Supreme Court decision in *State v. Cabrales*, 118 Ohio St. 3d 54 (2008), Petitioner was entitled to have Counts One and Two merged and be sentenced on only one of those counts. If that had been the only change to his sentence, it would have been reduced from twelve to nine years.

Instead, Respondent argues that the sentence is not more severe because the proceeding in which the prior sentence was imposed "legally-speaking . . . did not occur." (Reply to Traverse, Doc. No. 13, PageID 575.) She relies on language quoted by the court of appeals to the effect that a sentence imposed without compliance with Ohio Revised Code § 2929.19(B)(3)(c) is "void," and "'must be vacated," with "[t]he effect of * * * plac[ing] the parties in the same position they would have been if there had been no sentence.' *See State v. Simpkins,* 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568,¶22, *citing State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶13. *State v. Martin, supra,* at 2 (PageID 539).

If this reading of Ohio law were allowed to control the outcome in cases such as this, it could completely eviscerate the Double Jeopardy protection recognized in *Pearce*. While the judgment entered without post-release control notification may have been void for some purposes under Ohio

law, there is no doubt that unless Petitioner had sought to appeal that judgment, the Ohio Department of Correction would have continued to imprison him on that judgment for twelve years. Could the prosecutor at the end of that time have Petitioner brought to court and sentenced anew because he had been confined on a "void" judgment? Surely not.

At least some of the tangle in Ohio law over void criminal judgments created by *Simpkins* and *Bezak, supra*, was cured by the Ohio Supreme Court in *State v. Fischer*, 128 Ohio St. 3d 92 (2010), when it held:

> [**P27] This principle is an important part of the analysis of void sentences that we have not focused upon in prior cases involving postrelease control, including *Bezak*, 114 Ohio St.3d 94, 2007 Ohio 3250, 868 N.E.2d 961. Thus, we reaffirm the portion of the syllabus in *Bezak* that states "[w]hen a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void," but with the added proviso that only the offending portion of the sentence is subject to review and correction.
>
> [**P28] However, we now modify the second sentence in the *Bezak* syllabus as ill-considered. That sentence states that the offender is entitled to a new sentencing hearing for the offense for which postrelease control was not imposed properly. 114 Ohio St.3d 94, 2007 Ohio 3250, 868 N.E.2d 961. It does not recognize a principle that we overlooked in *Bezak*: when an appellate court concludes that a sentence imposed by a trial court is in part void, only the portion that is void may be vacated or otherwise amended.
>
> [**P29] Therefore, we hold that the new sentencing hearing to which an offender is entitled under *Bezak* is limited to proper imposition of postrelease control.

*Fischer*, 128 Ohio St. 3d at 99. If the court of appeals had decided the 26(B) application in this case after *Fischer*, it presumably would not have come out as it did, treating the sentencing decision as

-11-

completely *de novo*. However the 26(B) decision here was rendered September 23, 2009, and *Fischer* was not decided until December 2010.

The Warden attempts to avoid the impact of *Pearce* by relying on *Wasman v. United States*, 468 U.S. 559 (1984). There the trial judge imposed a more severe sentence after appeal and retrial, but explained the result as based on an intervening new conviction. The Supreme Court held the *Pearce* presumption applied, but was overcome by the explicit statement of reasons for the increase.

In *Texas v. McCullough*, 475 U.S. 134 (1986), the Supreme Court substantially tempered the *Pearce* presumption. Having recited the relevant portion of *Pearce*, it wrote:

> Beyond doubt, vindictiveness of a sentencing judge is the evil the Court sought to prevent rather than simply enlarged sentences after a new trial. The *Pearce* requirements thus do not apply in every case where a convicted defendant receives a higher sentence on retrial. Like other "judicially created means of effectuating the rights secured by the [Constitution]," *Stone v. Powell,* 428 U.S. 465, 482 (1976), we have restricted application of *Pearce* to areas where its "objectives are thought most efficaciously served," 428 U.S., at 487. Accordingly, in each case, we look to the need, under the circumstances, to "guard against vindictiveness in the resentencing process." *Chaffin v. Stynchcombe*, 412 U.S. 17, 25 (1973) (emphasis omitted). For example, in *Moon v. Maryland,* 398 U.S. 319 (1970), we held that *Pearce* did not apply when the defendant conceded and it was clear that vindictiveness had played no part in the enlarged sentence. In *Colten v. Kentucky*, 407 U.S. 104 (1972), we saw no need for applying the presumption when the second court in a two-tier trial system imposed a longer sentence. In *Chaffin, supra,* we held *Pearce* not applicable where a jury imposed the increased sentence on retrial. Where the prophylactic rule of *Pearce* does not apply, the defendant may still obtain relief if he can show actual vindictiveness upon resentencing. *Wasman v. United States*, 468 U.S. 559, 569 (1984).
>
> The facts of this case provide no basis for a presumption of vindictiveness. In contrast to *Pearce*, McCullough's second trial came about because the trial judge herself concluded that the prosecutor's misconduct required it. Granting McCullough's motion for a new trial hardly suggests any vindictiveness on the part of the judge

-12-

>towards him. "[Unlike] the judge who has been reversed," the trial judge here had "no motivation to engage in self-vindication." *Chaffin*, 412 U.S., at 27. In such circumstances, there is also no justifiable concern about "institutional interests that might occasion higher sentences by a judge desirous of discouraging what he regards as meritless appeals." *Ibid*. In granting McCullough's new trial motion, Judge Harney went on record as agreeing that his "claims" had merit. Presuming vindictiveness on this basis alone would be tantamount to presuming that a judge will be vindictive towards a defendant merely because he seeks an acquittal. Thus, in support of its position, the dissent conjures up visions of judges who view defendants as temerarious for filing motions for new trials, post, at 151, and who are "annoyed" at being forced "to sit through . . . [trials] whose [results] [are] foregone [conclusions]," post, at 150. We decline to adopt the view that the judicial temperament of our Nation's trial judges will suddenly change upon the filing of a successful post-trial motion. The presumption of Pearce does not apply in situations where the possibility of vindictiveness is this speculative, particularly since the presumption may often "operate in the absence of any proof of an improper motive and thus . . . block a legitimate response to criminal conduct," *United States v. Goodwin,* 457 U.S. 368, 373 (1982). Indeed, not even "apprehension of such a retaliatory motivation on the part of the sentencing judge," *Pearce*, 395 U.S., at 725, could be present in this case. McCullough was entitled by law to choose to be sentenced by either a judge or a jury. Faced with that choice, on retrial McCullough chose to be sentenced by Judge Harney. There can hardly be more emphatic affirmation of his appraisal of Judge Harney's fairness than this choice. Because there was no realistic motive for vindictive sentencing, the *Pearce* presumption was inappropriate.

*McCullough*, 475 U.S., at 138-139. Several features present in *McCullough* and the cases it discusses are absent here. Martin was resentenced by the same judge who had previously sentenced him. And it was that judge's errors in failing to announce post-release control and in not merging Counts One and Two which led to the reversal and remand for resentencing. The trial judge admittedly expressed his disagreement with the court of appeals' *Cabrales* decision which compelled the

-13-

merger of Counts One and Two.[1] Running the sentences on Counts 3 and 4 consecutive to Count Two was an obvious and perhaps the only way he could effectively avoid the impact of *Cabrales* on what he regarded as an appropriate sentence. He specifically asked the prosecutor seek a remand if the Ohio Supreme Court reversed *Cabrales*. This Court concludes that the circumstances of resentencing here require that the *Pearce* presumption apply.

The trial judge did not offer any explanation for changing the sentences on Counts Three and Four from concurrent to consecutive. Thus the *Pearce* presumption of vindictiveness stands unrebutted on the record. Even without the presumption, Martin would have been entitled to relief under the Double Jeopardy Clause if he could prove actual vindictiveness. *Wasman, supra.* But withe the *Pearce* presumption in place, he need not do so.

The Hamilton County Court of Appeals recognized the *Pearce* doctrine, but felt no obligation to apply it because they regarded the resentencing as a completely de novo proceeding, because the prior judgment was "void." But had they not been persuaded in that direction by the Ohio Supreme Court's *Bezak* decision – a decision which the Ohio Supreme Court characterized in *Fischer* as "ill considered" – they would have had every reason to apply the *Pearce* presumption. After all, the trial judge openly said he disagreed with their decision in *Cabrales* and his new sentence was a way of avoiding any impact from *Cabrales* on this particular sentence.

The court of appeals was of course not asked to apply the *Pearce* presumption on direct appeal. What it was eventually asked to do was to find that the failure to raise *Pearce* on direct appeal was ineffective assistance of appellate counsel. It declined to do so because it found the

---

[1] The judge even noted that *Cabrales* was his case. (Resentencing Tr. March 14, 2008, pp. 6-8.

-14-

whole vindictiveness analysis was inapplicable. That decision was an objectively unreasonable application of *Pearce* and its progeny for the reasons given above.[2] If the court of appeals had completed the Pearce analysis this Court went through and determined the Pearce presumption did not apply because it weighed the factors listed in *McCullough* differently from this Court, that would not have been an objectively unreasonable application of *Pearce*. Reasonable jurists could disagree on whether the Supreme Court would apply the presumption to a case like this. But that is not what the court of appeals decided. They declined to apply *Pearce* vindictiveness analysis at all because they regarded the resentencing as de novo based on the voidness of the prior judgment – and *Pearce* leaves no room for such an analysis.

Because its conclusion that appellate counsel was not ineffective was based on a completely erroneous premise – to wit, that *Pearce* did not apply – the conclusion is not entitled to deference under the AEDPA and this Court must consider the ineffective assistance of appellate counsel claim *de novo*. The question is whether the *Pearce* vindictiveness claim was such a sure winner that it was ineffective assistance to fail to make it. As the Sixth Circuit has recently put it, Petitioner must show that there is a reasonable probability raising the claim would have changed the result and also that the argument is so compelling that it was ineffective assistance to fail to make it. *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011).

Petitioner argues there is a reasonable probability raising the vindictiveness claim would have changed the result. He notes that in *State v. Johnson*, 174 Ohio App. 3d 130 (Ohio App. 1st Dist 2007), the Hamilton County Court of Appeals found that the *Pearce* analysis applied even

---

[2] In reaching this conclusion, the Court considers only the facts before the court of appeals at the time they reached their conclusion. *Cullen v. Pinholster*, 563 U.S. ___, 131 S. Ct. 1388, 1400-01, 179 L. Ed. 2d 557 (2011).

though the total sentence did not increase, indicating this same court was open to a *Pearce* argument. It is true, as Respondent points out, that Petitioner made a major argument about *Johnson* and the sentencing package doctrine in his 26(B) Application (Return of Writ, Doc. No. 6, Ex. 53) and that the court of appeals did not accept it or reflect that question in its decision. But there is a difference, perhaps inchoate, between how a court looks at an argument when it is presented directly and how it may treat the same argument when presented by way of collateral attack on its original judgment.

Even though there is a reasonable probability the *Pearce* vindictiveness claim would have changed the result, the Court must also decide if that argument is so compelling that failure to make it constituted ineffective assistance of appellate counsel. The test is whether this argument is so much better than the arguments actually made that it was deficient performance to leave it out.

In the brief on appeal, Petitioner's counsel only made one assignment of error, to wit, that the judge on resentencing had not considered Petitioner's pre- and post-conviction good behavior sufficiently to permit it to impose a sentence consistent with the purposes of sentencing in Ohio (Brief, Ex. 38 to Return of Writ, Doc. No. 6, particularly PageID 348-351).[3] As pointed out in the Appellee's Brief, this is not a particularly strong argument because Ohio appellate courts can only reverse or modify a sentence for abuse of discretion, this sentence was within the statutory range and not at the maximum end, and the trial judge had ordered and considered a new presentence report and a report from the confining institution (Brief, Ex. 39 to Return of Writ, Doc. No. 6, PageID 365-367).

---

[3] The second assignment of error was raised by Petitioner *pro se* and included in the Brief at his insistence.

As is usually the case with ineffective assistance of appellate counsel claims, this Court has no indication why appellate counsel omitted the *Pearce* vindictiveness claim. It might not have been successful, but the Hamilton County Court of Appeals openness to that claim, as demonstrated in *Johnson, supra,* indicates it would have had a good chance of success. Because it was ineffective assistance of appellate counsel to fail to raise the claim, the Petition should be granted and this Court should issue a conditional writ requiring Ohio to afford Petitioner a new appeal or release him within 90 days of the issuance of the writ.

March 16, 2012.

s/ **Michael R. Merz**<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).