UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

McAARON MARTIN, :
: NO. 1:11-CV-0052
    Petitioner, :
:
:
  v. : **OPINION AND ORDER**
:
:
WARDEN, CHILLICOTHE :
CORRECTIONAL INSTITUTION :
:
    Respondent.

    This matter is before the Court on the Magistrate Judge's Report and Recommendation, in which the Magistrate Judge recommends that Petitioner's habeas corpus petition be granted (doc. 19).

    In brief, Petitioner was convicted in the Hamilton County Common Pleas Court for drug-related offenses. His original sentence was vacated because the trial court failed to provide the requisite postrelease-control notification. According to Ohio law, such a violation results in a "void" sentence. Petitioner was resentenced by the same judge, and his second sentence was greater than the original, with the judge ordering him to serve his sentence consecutively and not, as in the original, concurrently. He is currently serving a twelve-year sentence.

    In <u>North Carolina v. Pearce</u>, 395 U.S. 711, 726 (1969), the Supreme Court recognized that resentencings can sometimes be occasions for judges to act vindictively. To guard against that

possibility, "[i]n order to assure the absence of such a motivation [of vindictiveness], [the court] concluded that whenever a judge imposes a more sever sentence upon a defendant after a new trial, the reasons for doing so must affirmatively appear." Id. This so-called Pearce presumption of vindictiveness does not apply in every case where a defendant receives a higher sentence upon retrial, but it does in those where the circumstances necessitate that the court guard against vindictiveness in the sentencing process. Texas v. McCullough, 475 U.S. 134 (1986).

In his habeas petition, Petitioner set forth two grounds for relief but abandoned one, leaving only his assertion that he was denied the effective assistance of appellate counsel when his counsel failed to raise the issue of Petitioner's increased sentence, which he argues was vindictive.

The Magistrate Judge determined that the Pearce presumption applied to Petitioner's case and that the trial judge had offered no explanation for the increase in Petitioner's sentence. He further determined that failure to raise this issue on appeal amounted to ineffective assistance of appellate counsel because there was a reasonable probability that raising the claim would have changed the result, and the Pearce argument would have been much better than the argument that Petitioner's appellate counsel did set forth (doc. 19).

Having found that Petitioner demonstrated ineffective

assistance of counsel, the Magistrate Judge recommended that the Court issue a conditional writ requiring Ohio to afford Petitioner a new appeal or release him within 90 days of the issuance of the writ. Respondent objects to the Magistrate Judge's Report and Recommendation on three grounds: that the Magistrate Judge erred by reviewing Petitioner's claim de novo instead of giving deference to the Ohio court's review of the claim; that Petitioner's counsel was not ineffective because the state court would not have granted him relief had the issue been raised on appeal; and that there is nothing in the record to show vindictiveness.

As required by 29 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has reviewed the comprehensive analysis of the Magistrate Judge and considered de novo all of the filings in this matter. Upon thorough consideration of the foregoing, the Court finds Respondent's objections unpersuasive and determines that the Magistrate Judge's Report and Recommendation is thorough, well-reasoned and correct. Consequently, the Court ADOPTS and AFFIRMS it in its entirety.

Accordingly, the Court GRANTS Petitioner's writ of habeas corpus and ORDERS that the state of Ohio afford Petitioner a new appeal or release him within 90 days of the filing of this Order.

SO ORDERED.

Dated: June 5, 2012              /s/ S. Arthur Spiegel
                                 S. Arthur Spiegel
                                 United States Senior District Judge